LANEY, Appellant, vs. PEMBERTON, imp., Respondent.

*December 5, 1917—January 5, 1918.*

*Contracts: Sale of land: Action for breach: Who liable: Agent of vendors: Collusion: Sufficiency of complaint.*

In an action for breach of a contract for the sale of land the complaint is *held* not to charge that the defendant P., who was merely an agent of the other defendants, concerted with them in the breaking of the contract which they had made through him with the plaintiff, and hence not to show any liability of P. for such breach.

APPEAL from an order of the circuit court for Douglas county: FRANK A. ROSS, Circuit Judge. *Affirmed.*

A general demurrer to the complaint on the part of the respondent, *Pemberton,* was sustained, and the plaintiff appeals.

The action was brought against the respondent, *Pemberton,* and one Ricardo and three other persons, for breach of an optional contract to convey certain lots in the city of Superior. The complaint alleges the ownership of the lots by the defendants other than *Pemberton,* and that *Pemberton* was their

agent with full authority, to negotiate for, contract under option, and sell said property on their behalf; that August 8, 1916, the respondent as such agent listed the property with one Cann, a real-estate agent in Superior, at a certain price, and that Cann negotiated with the plaintiff concerning the sale of said property to him, and on the 2d of January, 1917, the respondent, *Pemberton,* as agent of the other defendants, offered plaintiff a written ninety-day option for the purchase of the property on the terms given to Cann for the sum of $100, which option the plaintiff on that day accepted and paid $100 therefor; that plaintiff on the 15th day of January, 1917, exercised his option, notified *Pemberton* of such election, offered to pay the purchase price on execution and delivery of a deed, and ever since has been ready to carry out said agreement; that on January 18, 1917, a deed of the lots executed by the defendant owners (Ricardo *et al.*) running to the Belmont Company, a domestic corporation, dated September 10, 1916, witnessed and acknowledged before defendant *Pemberton,* was recorded in the office of the register of deeds of Douglas county;

"that this plaintiff is informed and verily believes, and alleges the fact to be, that all of said defendants had full knowledge of the facts and circumstances under which said deed hereinbefore described came into the possession of the Belmont Company, and were active participants therein.

"That on or about the 19th day of January, 1917, plaintiff first learned of said last mentioned deed, and thereupon plaintiff notified the defendant *Frederick Bernard Pemberton,* by telegram, of the recording of said deed; that on or about the 20th day of January, 1917, said defendant *Frederick Bernard Pemberton* advised plaintiff that the deed to the Belmont Company was not legally delivered to said company and that the recording of same was unauthorized; that thereafter plaintiff requested the defendants to take steps to set aside said deed to the Belmont Company, or to join plaintiff in an action therefor, and that said defendants refused so to do and notified plaintiff that defendants would not carry

out said contract with the plaintiff for the purchase of said property as aforesaid; and said *Frederick Bernard Pemberton* denied that he had authority to make said contract."

The complaint alleges damages in the sum of $5,000.

The cause was submitted for the appellant on the brief of *Hanitch & Hartley* of Superior, and for the respondent on that of *Luse, Powell & Luse* of Superior.

WINSLOW, C. J. The appellant claims that the complaint clearly charges that the defendant *Pemberton* concerted with the other defendants in the breaking of the contract, and hence is liable with them in an action for the breach. *Martens v. Reilly,* 109 Wis. 464, 84 N. W. 840.

We fail to find any allegation in the complaint charging this fact either directly or by necessary implication; in fact the absence of any such allegation is noticeable. A number of facts are alleged which might perhaps be admissible in evidence as tending to prove that *Pemberton* had some connection with the breach, but they do not amount to an allegation of active assistance or participation in the breach itself.

It is not stated when the deed to the Belmont Company, dated in September, 1916, was executed. The fact that *Pemberton* had knowledge of the deed and participated in the circumstances under which it came into the hands of the Belmont Company, standing alone proves nothing. There is no necessary connection between these facts and the breach of contract. The deed may have been given as security for money borrowed and the loan may have been paid and the deed wrongfully retained by the Belmont Company; or the fact may be that there had been no delivery with intent to pass title, but that the Belmont Company had been given physical possession of the deed for some other purpose. This latter situation seems to be suggested by the allegation that *Pemberton* advised plaintiff that the deed was never legally delivered to the Belmont Company.

The later allegations that the defendants refused to take steps or join in taking steps to set aside the Belmont deed and notified the plaintiff ·that they would not carry out the contract, plainly refer to the defendants who own the· property. The final allegation, that *Pemberton* denied that he had authority to make the contract, clearly does not amount to an allegation that he assisted in the breach which had occurred some time before.

If the plaintiffs have proof that *Pemberton* concerted with the other defendants in breaching the contract, it is very easy to charge the fact. A man ought hardly to be compelled to defend an expensive lawsuit when no definite claim is made against him.

*By the Court.*—Order affirmed.